IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


RYAN W. TUCKER,                      )
                                     )
                    Plaintiff,       )      **CIVIL ACTION**
                                     )
v.                                   )      No.  06-1204-MLB
                                     )
UNITED PARCEL SERVICE, INC.,         )
                                     )
                    Defendant.       )
_____)


<u>**MEMORANDUM AND ORDER**</u>

This case comes before the court on defendant's motion for summary judgment.  (Doc. 51).  The motion has been fully briefed and is ripe for decision.  (Docs. 52, 55, 61).  Defendant's motion is granted for the reasons herein.

**I.    FACTS**[1]

The following facts are uncontroverted or taken in the light most favorable to the non-moving party.  This case arises out of an automobile accident which occurred on the evening of November 29, 2004.[2]  Plaintiff Ryan Tucker was a passenger in a vehicle that his sister, Katie Tucker, was driving.  Katie Tucker was traveling east on Interstate 70 in Russell County, Kansas, on the way to Gainesville, Florida, when she attempted to pass a United Parcel Service' (UPS) semi-tractor trailer, operated by Brian Pratt, in inclement weather.

_____

[1] Additional facts are included throughout the analysis.

[2] This case has been consolidated with <u>Cimeley, et al. v. United Parcel Service, Inc.</u>, No. 06-1203.  Karen Cimeley, Ms. Tucker's mother, and Wayne Tucker, Ms. Tucker's father, have asserted a wrongful death action against UPS.  That case, however, does not have a dispositive motion pending before the court.

At the time of the accident, Mr. Pratt was operating the UPS vehicle in the course and scope of his employment with UPS.

While attempting to pass, the car went out of control and the UPS trailer directly impacted the driver side of the car. Katie Tucker suffered severe injuries and died at the scene. Plaintiff was with her when she died. Plaintiff had a bloody nose, pieces of glass on his face, cheek and neck, and bruises and cuts across his chest. Plaintiff did not exhibit any physical injuries as a result of any emotional distress he experienced at the scene of the accident. Plaintiff was treated in the ambulance but refused to go to the hospital. Witnesses from the accident testified that plaintiff did not appear to have sustained any injuries from the accident and appeared composed. After the accident, plaintiff did not see a doctor for any physical injuries he received from the accident. Plaintiff has experienced distressing recollections of the accident, trouble sleeping, fear of driving at night and uncomfortable feelings when he sees headlights coming towards his vehicle.

In August and October 2006, almost two years post-accident, plaintiff was sent by his lawyers for an evaluation by a psychologist, Dr. Jeffrey Lane, who diagnosed post traumatic stress disorder. Dr. Lane has opined that plaintiff exhibits "physiological" injuries from the emotional distress while driving, such as tension, hypervigilence, an increased heartbeat, and that plaintiff clinches the steering wheel tightly. Dr. Lane also has opined that plaintiff exhibits psychological symptoms involving recollections, images, thoughts, perceptions, visualizations and distress regarding the accident, along with fear of night driving and uncomfortable feelings. Plaintiff has

not sought any treatment with regard to these symptoms.

Plaintiff filed this action alleging a claim of negligent infliction of emotional distress. Plaintiff also seeks to recover as "damages" the fees charged by Dr. Lane. Defendant asserts that plaintiff's claims fail as a matter of law since plaintiff suffered no physical injury as a result of the emotional distress and has no recoverable medical expenses.

## II.   SUMMARY JUDGMENT STANDARD

The rules applicable to the resolution of this case, now at the summary judgment stage, are well known and are only briefly outlined here. Federal Rule of Civil Procedure 56© directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

## III.   ANALYSIS

Kansas law has long held that there can be no recovery for emotional distress caused by the negligence of another unless accompanied by or resulting in physical injury. Humes v. Clinton, 246 Kan. 590, 598, 792 P.2d 1032 (1990) (citing cases). The physical injury must occur contemporaneously with or shortly after the incident causing the emotional distress. Payne v. General Motors Corp., 731 F. Supp. 1465, 1474 (D. Kan. 1990); Ely v. Hitchcock, 30 Kan. App.2d 1276, 1289-90, 58 P.3d 116 (2002). The physical injury must directly result from the emotional distress and must appear within a short span of time after the event causing the distress. Hoard v. Shawnee Mission Medical Center, 233 Kan. 267, 279, 662 P.2d 1214 (1983). The "[p]hysical injury is considered evidence or substantiation of severe and genuine emotional distress." Laughinghouse v. Risser, 786 F. Supp. 920, 929 (D. Kan. 1992) (citations omitted). Recovery is disallowed when the cause is remote and speculative or when the alleged resulting damages are so conjectural and speculative as to undermine any sound basis for measurement. Id. at 277, 279, 662 P.2d 1214.

Despite the clear and undisputed evidence that plaintiff suffered only minor physical injuries in the accident, plaintiff nonetheless insists that his symptoms of daily recollections, gruesome images of the accident, fear of driving, uncomfortable feelings while driving, clenching the steering wheel and increased arousal while driving are sufficient to establish physical injury. These symptoms are insufficient under Kansas law to state a claim for negligent infliction of emotional distress. Gilliam v. USD #244 School Dist., 397 F. Supp.2d 1282, 1292 (D. Kan. 2005) (nausea, insomnia, nightmares, vomiting, difficulty eating, crying, fatigue, pain,

-4-

stomach pain, diarrhea, muscle pain, depression, and suicidal thoughts were insufficient); Ali v. Douglas Cable Communications, 929 F. Supp. 1362, 1386 (D. Kan. 1996) ("[C]omplaints of headaches, rapid heartbeat, and hives are insufficient to sustain a claim for negligent infliction of emotional distress."); see Schweitzer-Reschke v. Avnet, Inc., 874 F. Supp. 1187, 1197 (D. Kan. 1995)(feeling of anxiety, rapid heartbeat, and a sense of collapsing lungs were insufficient); Maddy v. Vulcan Materials Co., 737 F.Supp. 1528, 1534, 1537 (D. Kan. 1990) ("real-keyed up, nervous, anxious-type feeling, headaches" were insufficient); Anderson v. Scheffler, 242 Kan. 857, 860, 752 P.2d 667 (1988) (shock, emotional pain, feelings of guilt, recurring nightmares, and depression were insufficient); Hopkins v. State, 237 Kan. 601, 612-13, 702 P.2d 311 (1985) (insomnia, headaches, weight gain, and general physical upset were insufficient).

Alternatively, plaintiff claims that Kansas law allows him to recover, without a showing of physical injury, because he was present at the scene and witnessed the injury to his sister. Plaintiff cites three cases by the Kansas Supreme Court to support his position. First, in Schmeck v. City of Shawnee, 231 Kan. 588, 647 P.2d 1263 (1982), the Kansas Supreme Court considered a case in which a parent was seeking recovery for injuries sustained in an accident by her daughter. The parent, however, was not present at the accident. The court determined that the parent did not have a viable action because the defendant did not owe a duty to the parent. The court stated that "[a] 'cause of action' arises from a manifestation of a right or violation of an obligation or duty," but a defendant does not have an obligation or duty "when the parent is not present at the scene, is

not directly injured, and neither witnesses nor perceives the occurrence causing injury to the child." Id. at 590, 594. The court did not consider the argument raised by plaintiff: whether the parent who sustained no physical injury could nevertheless recover for emotional distress caused by the injuries suffered by her child.

Second, in Arche v. United States, 247 Kan. 276, 283, 798 P.2d 477 (1990), the court determined that a cause of action for negligent infliction of emotional distress is not available in a wrongful birth case because the parents were not aware of the injury during the development of the fetus. The court cited Schmeck for the proposition that a party must witness the negligent act which caused the injury in order to sustain a cause of action. Again, Arche did not reach the question of physical injury because the court determined that the defendant lacked an obligation or duty when the parents did not witness the injury.

Finally, in Smelko v. Brinton, 241 Kan. 763, 740 P.2d 477, 482 (1987), the court upheld the dismissal of a negligent infliction of emotional distress claim after determining that the parents of an infant injured during surgery were not aware of the injury as it occurred. The court cited Schmeck for the proposition that the parents must realize that an injury is occurring in addition to witnessing the injury.

The three cases cited by plaintiff do not support the conclusion that the Kansas Supreme Court would allow recovery in this case. These cases explain the instances when a defendant owes a duty to a potential plaintiff who was not directly injured by the defendant's

negligent act.[3]  In this case, there is no question that defendant
owed a duty to plaintiff as a passenger of a vehicle.  That issue is
not in dispute, but it is not determinative.

Moreover, the court is not persuaded by the decisions from sister
states.  In <u>Schmeck</u>, the Supreme Court declined to recognize the rule
plaintiff now expects this court to adopt, stating that it is a "more
liberal rule." 231 Kan. at 593.  When, as here, Kansas law is clear,
it would be improper for this court to base a decision on cases from
other states which are inconsistent with Kansas law.

Accordingly, defendant's motion for summary judgment on
plaintiff's claim for negligent infliction of emotional distress is
granted.[4]

## IV.   CONCLUSION

Defendant's motion for summary judgment is granted.  (Doc. 51).
The clerk is ordered to enter judgment pursuant to Federal Rule of
Civil Procedure 58.

A motion for reconsideration of this order pursuant to this
court's Rule 7.3 is not encouraged.  The standards governing motions
to reconsider are well established.  A motion to reconsider is
appropriate where the court has obviously misapprehended a party's
position or the facts or applicable law, or where the party produces

---

[3] In every civil action for negligence, a plaintiff must prove
the existence of a duty and an act or omission in breach of that duty.
 <u>Fieser v. Kansas State Bd. of Healing Arts</u>, 281 Kan. 268, 272, 130
P.3d 555, 558 (2006).

[4] Defendant's alternative argument, that plaintiff fails to meet
the threshold amount to recover for pain and suffering, is moot since
plaintiff cannot recover for any pain and suffering without an
accompanying tort action.  K.S.A. 40-3117.

new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed five pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   25th   day of July 2007, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE